UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 24-CR-325 (ECT/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| ASHLEE MARIE QUAST, | |
| Defendant. | |

This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. This matter is before the Court on defendant Ashlee Marie Quast's Motion for Disclosure of Informants (Dkt. No. 56). Ms. Quast has been charged by indictment (Dkt. No. 1) with conspiracy to distribute methamphetamine and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a), 841(b), and 846. The motion is non-dispositive, and the Court resolves it via order.[1] The Court took the motion under advisement as submitted on the papers on September 3, 2025.

Ms. Quast asks the Court to order the United States to disclose the identity of the informants who worked with law enforcement in the investigation of this case. (Dkt. No. 56.) The United States has a limited privilege to withhold the identity of its confidential informants. *McCray v. Illinois*, 386 U.S. 300, 311 (1967). The defendant bears the burden

---

[1] Because this motion to resolved via order, any challenge to this determination must be made as an appeal to the District Judge assigned to this case, in accordance with D. Minn. 72.2(a).

of demonstrating the need for disclosure. *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). "[I]n order to override the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." *Id.* Put differently, "[t]here must be some showing that the disclosure is vital to a fair trial." *United States v. Curtis*, 965 F.2d 610, 614 (8th Cir. 1992). This required showing under *Curtis* can take one of two forms: (1) the disclosure of an informant's identity is "relevant and helpful to the defense of an accused" or (2) the disclosure is "essential to the fair determination of a cause." *United States v. Lapsley*, 263 F.3d 839, 841 (8th Cir. 2001).

When deciding whether a confidential informant's identity must be disclosed, courts consider factors such as the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (citing *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957)). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995); *accord United States v. Foster*, 815 F.2d 1200, 1203 (8th Cir. 1987) ("The disclosure of an informant who was an active participant in the crime the accused is charged with is generally required."). By contrast, in cases involving "a 'tipster,' i.e., a person who merely conveys information but does not witness or participate in the offense," disclosure is not vital to a fair trial and so is usually not required. *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987).

Ms. Quast seeks disclosure of "at least two confidential informants—and possibly more." Ms. Quast claims that one informant "organized and was involved in an alleged controlled buy involving Ms. Quast on December 20, 202[2]."[2] (Pl's. Mot. 2, Dkt. No. 56.) The United States concedes that the informant helped arrange the sale of narcotics to an undercover law enforcement officer, but states that as to the first sale, the informant neither participated in nor even witnessed the sale itself. The United States also points out that while the informant, following the first narcotics purchase, did contact the source of supply of drugs about a second purchase, the undercover law enforcement officer also contacted the source of supply directly to see about a second drug purchase. Following the second purchase, four additional purchases took place. The confidential informant was not involved in any of those four purchases. Because the United States provides specific details about the arrangement of the second narcotics sale, while Ms. Quast (who has the burden of proof) limits herself to stating generally that the informant "was involved in" the sale, the Court finds the United States' description more likely to be accurate. The Court finds that as to all sales but the first, the informant was no more than a tipster, that the informant did not participate in or witness either sale, and that therefore the informant's disclosure cannot be premised on any of sales two through six.

Turning to the first sale, neither party has addressed the precise question whether introducing a narcotics seller to a potential narcotics buyer places the matchmaker in the

---

[2] Ms. Quast's motion states that this controlled buy occurred on December 20, 2025, a date that is in the future. The Court assumes this is a reference to a controlled purchase in December 2022.

category of "tipster" or "percipient witness." The Court finds that on the facts of this case, the informant was a percipient witness as to the first sale and that disclosure is required. Ms. Quast is charged not only with methamphetamine sale but also with conspiring to sell methamphetamine. "[T]he essence of a conspiracy is 'an agreement to commit an unlawful act.'" *United States v. Jiminez Recio,* 537 U.S. 270, 274 (2003) (quoting *Iannelli v. United States*, 420 U.S. 770, 777 (1975)). Even in the absence of the completed substantive offense, conspiratorial agreements are themselves a "distinct evil." *Id*. (quoting *Salinas v. United States*, 522 U.S. 52, 65 (1977)).

From what the Court can gather from the record in this case, the informant communicated with Mr. Rocha and the undercover law enforcement officer and in those communications Mr. Rocha—an alleged co-conspirator of Ms. Quast—*agreed* to sell methamphetamine. When the undercover officer arrived to make the purchase from Mr. Rocha, he was met by Ms. Quast, while Mr. Rocha waited not far away. (U.S. Resp. 1, Dkt. No. 58.) Because of Mr. Rocha's status as an alleged co-conspirator, the precise words spoken in the conversation between the informant and Mr. Rocha are legally important; they are "essential to the just determination of a cause," the second reason, under *Curtis*, for disclosure, and they may also, depending on how this case is defended at trial, be "relevant and helpful to the accused."

The United States implicitly concedes this point by undertaking to disclose the identity of the "percipient witness informant at least three weeks before trial." The Court finds this timeline reasonable and will so order.

Ms. Quast also generally seeks disclosure of informants "utilized during the inception of this investigation in at least 2021 and 2022," whose "activities and information led directly to the investigation of Mr. Rocha and Ms. Quast." (*Id.*) As to these other potential informants, the Court has very little information as to the extent or nature of their involvement in the subject investigation. Ms. Quast says that "[s]earch warrant applications indicate that multiple confidential reliable informants and/or unwitting informants were utilized during the inception of this investigation in at least 2021 and 2022. These informants' activities and information led directly to the investigation of Mr. Rocha and Ms. Quast." (Pl's. Mot. 2, Dkt. No. 56.). As a threshold matter, while these assertions may be true, Ms. Quast provides no evidentiary support for them. A general citation to "[s]earch warrant applications" without providing those documents to the Court is insufficient to meet Ms. Quast's burden to prove that disclosure is necessary. But even taking the assertions as correct, Ms. Quast cannot meet her burden with a general allusion to informants who were "utilized." As the discussion above indicates, precisely how an informant was utilized is outcome-determinative in the context of a motion to disclose informants meaning that simply stating that informants were utilized, without more, will not suffice.

The United States argues that any other informants involved in the larger criminal investigation are not percipient witnesses to the charges against Ms. Quast. It identifies one informant who was used in July and August of 2021 to contact a Mexico-based supplier who sent narcotics to a third party who was later charged and convicted. (U.S. Resp. 4, Dkt. No. 58.) But the only connection between that case and Ms. Quast is that Mr. Rocha,

Ms. Quast's co-defendant, and the defendant in that case used the same Mexico-based supplier. The informant used to contact the supplier in July and August of 2021 did not witness any conduct charged in this case, which took place broadly between September 2021 and May 2023 and specifically in December of 2022. The Court agrees that the disclosure of this informant's identity is not relevant or helpful to defending against the claims against Ms. Quast, nor is it essential to a fair determination of the case. Accordingly, the Motion is denied as to this informant.

As to any other informants, if there are any percipient witnesses to acts which the United States will seek to introduce evidence of at trial, the United States must disclose those witnesses no later than 21 days before trial, in accordance with *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957). The Motion is granted as to any such percipient witnesses.

## ORDER

Therefore, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Ms. Quast's Motion for Disclosure of Informants (Dkt. No. 56) is **DENIED IN PART AND GRANTED IN PART. The United States will disclose the informant in the first alleged sale as well as any other percipient witnesses to acts alleged in the indictment no later than 21 days before trial, but in all other respects Ms. Quast's motion is denied.**

Date: October 2, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge